UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHELE JOHNSON,

                Plaintiff,

    -against-                                        3:19-CV-1190 (LEK/ML)

ALL METRO HOME CARE SERVICES,

                Defendant.

## DECISION AND ORDER

### I.    INTRODUCTION

This matter comes before the Court following a Report-Recommendation and Order filed on November 7, 2019 by the Honorable Miroslav Lovric, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3, Dkt. No. 5 ("Report-Recommendation" and "Order"), concerning the sufficiency of Plaintiff's complaint, Dkt. No. 1 ("Complaint").

### II.    STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b). However, "where [the] parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (holding that Congress did not

"intend[] to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

The Court may excuse a party's failure to object "in the interests of justice," and modify or reject the report-recommendation, if "the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). Therefore, when no party objects to a magistrate judge's report-recommendation, courts in this circuit review it only to determine whether the magistrate judge made a clear error. Boice v. M+W U.S., Inc., 130 F. Supp. 3d 677, 684 (N.D.N.Y. 2015); see also Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Edition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## III. DISCUSSION

No objections were filed. Docket. Consequently, the Court has reviewed the Report-Recommendation for clear error and has found none. The Court therefore adopts the Report-Recommendation in its entirety, though observes that Plaintiff's allegations in the Complaint appear exceedingly thin. The Court takes no position in this Decision and Order on whether Plaintiff's surviving claims can withstand a properly filed dispositive motion.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's claims for (1) discrimination based on her religion regarding (a) the termination of her employment and (b) the reduction of her working hours; and (2) retaliation in that Defendant incorrectly noted Plaintiff as a "no call/no show" may proceed; and it is further

**ORDERED**, that Plaintiff's claims for (1) discrimination based on her status as a crime victim; (2) discrimination based on her religion in that she was treated differently "in comparison to other workers;" and (3) retaliation based on her reduced working hours are dismissed without prejudice; and it is further

**ORDERED**, that Plaintiff may move to replead her claims dismissed without prejudice within **forty-five days** of the date of this Decision and Order; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	December 04, 2019
	Albany, New York

_____
Lawrence E. Kahn
Senior U.S. District Judge